Randall L. Jeffs, #12129
JEFFS & JEFFS, P.C.
90 North 100 East
P.O. Box 888
Provo, UT 84603
Tel.: (801) 373-8848
Email: rzjeffs@jeffslawoffice.com

Matthew S. Grimsley (*will seek admissions pro hac vice*)
Anthony J. Lazzaro (*will seek admissions pro hac vice*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| LEE PIZZILLO, an Individual, *On Behalf of Himself and All Others Similarly Situated,* | **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | |
| v. | |
| GREENIX HOLDINGS, LLC, *d/b/a Greenix Pest Control, LLC, a Utah limited liability company.* | *Civil No.:* *Judge:* |
| Defendant. | |

Now comes Plaintiff, Lee Pizzillo, by and through undersigned counsel, and for his Complaint against Defendant, Greenix Holdings, LLC, states and alleges the following:

## INTRODUCTION

1.    This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.    Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111, *et seq*.

## JURISDICTION AND VENUE

3.    This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

5.    The Court has personal jurisdiction over Defendant, as Defendant's principal place of business is in Utah.

6.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in Utah County, Utah, Defendant conducts business throughout this

District, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

7.    At all material times, Plaintiff is and was a citizen of the United States and a resident of Cuyahoga County, Ohio, and Plaintiff worked for Defendant in Ohio.

8.    At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio R.C. § 4111.03(D)(3).

9.    At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10.    At all material times, Defendant was and is a limited liability company doing business as "Greenix Pest Control, LLC".

11.    At all material times, Defendant was and is headquartered in Utah County, Utah, with its principal place of business located at: 1280 South 800 East, Orem, Utah 84097.

12.    At all material times, Defendant was and is an employer within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. § 4111.03(D)(2).

13.    At all material times, Defendant was and is an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r).

14.    At all material times, Defendant is and was an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

15.    Plaintiff's written consent to this action is attached hereto as Exhibit 1.

16.    Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17.    Defendant, a pest control company, employs Pest Control Technicans (also referred to as Service or Route Professionals) (hereinafter referred to as "Technicans") in approximately 18 different states across the country, including Ohio.

18.    Technicans are responsible for, *inter alia*, providing pest control services for Defendant's customers, including applying pesticides at their properties and performing other services to rid residential and commercial properties of pests.

19.    Defendant's Technicans are each assigned a Greenix company vehicle (a non-commercial vehicles weighing less than 10,000 pounds), and are required by Defendant to travel to and from customer locations each workday to perform pest control services.

20.    At all material times, Defendant owned and controlled the Greenix company vehicles it assigned to its Technicans.

21.    As all material times, Defendant prohibited Technicans from driving personal vehicles to the customer locations.  Instead, Defendant's Technicans were required to drive their assigned Greenix company vehicles from their homes to customer locations at the beginning of the day, and then after work, they were required to drive their assigned Greenix company vehicles back to their homes where they would be kept overnight.

22.    From approximately October 2023 to January 23, 2024, Plaintiff was employed by Defendant as a Technician in Ohio.

23.    As a Technician, Plaintiff was required to travel to and from customer locations in an assigned Greenix company vehicle, and his starting and ending point was his home.

24.    Other similarly situated Technicans were required to travel to and from customer locations in an assigned Greenix company vehicle, and their starting and ending point was their homes.

25.     Plaintiff and other similarly situated Technicans were classified as non-exempt.

26.     Plaintiff and other similarly situated Technicans were paid an hourly wage.

27.     Plaintiff and other similarly situated Technicans regularly worked more than 40 hours per week.

28.     Although Technicians were regularly scheduled to work 40 hours per week, at least during the non-winter season, Plaintiff frequently worked approximately 50 hours or more per week.

**(Failure to Pay for all Hours Worked)**

29.     Defendant paid Plaintiff and other similarly situated Technicans only for work performed between the time they arrived at and left the customer locations.

30.     Defendant did not pay Plaintiff and other similarly situated Technicans for the work Defendant required them to perform before arriving to the first customer locations at the beginning of the day and after leaving the last customer locations at the end of the day, including:

    a.  Calling or texting Greenix's first customer at the beginning of the day to let the customer know their time of arrival;

    b.  Driving Greenix's vehicle from their home to the first customer locations at the beginning of the day;

    c.  Driving Greenix's vehicle from the last customer locations to their home at the end of the day;

    d.  Fueling Greenix's vehicle either at the beginning of the day or the end of the day; and/or

    e.  Filling water jugs at their homes at the end of the day for applying pesticides during their next workday.

31.    Defendant required Plaintiff and other similarly situated Technicans to perform this unpaid work each workday.

32.    The time Plaintiff and other similarly situated Technicans spent performing this unpaid work added several hours to each workweek.  In fact, Plaintiff and other similarly situated Technicans frequently spent 1 to 3 hours or more in a single day performing this unpaid work.

33.    The time spent performing this unpaid work constituted Plaintiff's and other similarly situated Technicans's principal activities, as they were an integral and indispensable parts of their principal activities, were required by Defendant, and were performed for Defendant's benefit.

34.    The unpaid preparatory work, including calling or texting Greenix's first customer and filling water jugs at their home at the beginning and/or end of the day, were intrinsic elements of Plaintiff and other similarly situated Technicians job duties. Plaintiff and other similarly situated Technicians cannot dispense without performing such activities.

35.    The unpaid work Plaintiff and other Technicians performed between the commencement of their first principal activity and the completion of their last principal activity each workday, including driving Greenix's vehicle to and from customer locations, is/was compensable under the continuous workday rule.

36.    The amount of time Plaintiff and other similarly situated Technicans spent performing this unpaid work is more than *de minimis*.

### (Failure to Pay Overtime Compensation)

37.    As a result of Defendant's practices and policies, Plaintiff and other similarly situated Technicans were not compensated for all of the time they worked, including all of the overtime hours they worked in excess of 40 each workweek.

38.     Plaintiff estimates that, on average, he spent approximately 10 to 15 hours each workweek performing the unpaid work reference in paragraph 27 above.

39.     The time Plaintiff and other similarly situated employees spent performing the unpaid work referenced above was in addition to the 40 or more hours they regularly worked between the time they arrived at and left the customer locations, and thus, constituted overtime hours worked, for which they were/are entitled to overtime compensation at a rate of one and one-half times their regular hourly rate of pay.

**(Failure to Keep Accurate Records)**

40.     Defendant failed to make, keep, and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated Technicans employed by Defendant.

**(Defendant Willfully Violated the FLSA)**

41.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

42.     Defendant knew that, and otherwise showed reckless disregard as to whether its conduct was prohibited by the FLSA.

43.     Defendant had/has a common practice and policy of requiring Plaintiff and other similarly situated employees to perform the unpaid worked referenced above and not compensating them for time spent performing such work.

44.     Defendant knew that Plaintiff and other similarly situated employees were performing the unpaid work because Defendant required them to perform it.

45.     Defendant, who determined the work schedules of Plaintiff and other similarly situated employees, also knew that the time Plaintiff and other similarly situated employees spent performing such unpaid work was in addition to the 40 hours or more that Defendant scheduled

them to work, and thus, Defendant knew that Plaintiff and other similarly situated employees should have been paid overtime compensation for such unpaid work.

46.     Defendant knew that, and otherwise showed reckless disregard as to whether its conduct in failing to properly pay Plaintiff and other similarly situated employees for the unpaid work referenced above violated the FLSA.

47.     Defendant knew or should have known that its policies and practices violate the law, and Defendant did not make, and has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law, has carried out its unlawful pattern, practice, and policy of not paying its Plaintiff other similarly situated Technicans for all hours worked. Defendant's method of paying Plaintiff and other similarly situated employees was not based on a good faith and reasonable belief that its conduct complied with the law.

## COLLECTIVE ACTION ALLEGATIONS

48.     Pursuant to 29 U.S.C. §216(b), Plaintiff brings Count One of this action on his own behalf, and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

49.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former Technicians employed by Geenix Holdings,
> LLC in the United States at any time between three (3) years prior
> to the filing of this suit and the date of final judgment in this matter.
> ("FLSA Collective Class").

50.     At this time, Plaintiff are unable to state the exact size of the FLSA Collective Class, but upon information and belief, aver that it consists of more than 500 individuals.

51.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages earned, including overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

52.     In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

53.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

54.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All current and former Technicians employed by Geenix Holdings, LLC in Ohio at any time between three (3) years prior to the filing of this suit and the date of final judgment in this matter.

55.     The Ohio Class is so numerous that joinder of all class members is impracticable. Upon information and belief, the Ohio Class consists of more than 100 individuals.

56.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

      a.   whether Defendant failed to pay its Technicians overtime compensation to its Technicians for hours worked in excess of 40 each workweek; and

    b.   what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of Ohio R.C. 4111.03 and 4111.10.

57.    The claims of Plaintiff are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

58.    Named Plaintiff Lee Pizzillo will fairly and adequately protect the interests of the Ohio Class.  His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

59.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

60.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>

**(Fair Labor Standards Act Violations)**

61.    Plaintiff, on behalf of himself and the FLSA Collective Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

62.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before arriving to the first customer locations at the beginning of the day and after leaving the last customer locations at the end of the day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

63.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all hours worked each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

64.     Defendant's practices and policies of not paying Plaintiff and others similarly situated for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violates the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

65.     Defendant's actions and/or omissions were not in good faith.

66.     By engaging in the above-described practices and policies, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

67.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Violations of Ohio Minimum Fair Wage Standards Act)

68.     Plaintiff, on behalf of himself and the Ohio Pennsylvania Class, realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

69.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before arriving to the first customer locations at the beginning of the day and after leaving the last customer locations at the end of the day violates the OMFWSA, R.C. § 4111.03, *et seq*.

70.     Defendant's practices and policies of not paying Plaintiff and other similarly situated employees for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek, violates the OMFWSA, R.C. § 4111.03, *et seq*.

71.     Defendant's actions and/or omissions were not in good faith.

72.     By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the OMFWSA, R.C. § 4111.03, *et seq*.

73.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

74.     WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

    a.  Issue an order permitting this litigation to proceed as a collective action;

    b.  Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    c.  Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

    d.  Award Plaintiff and the classes he represents actual damages for unpaid wages;

    e.  Award Plaintiff and the classes he represents statutory liquidated damages in an amount to the unpaid wages found due to Plaintiff and the classes he represents under the FLSA and the OMFWSA;

f.  Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

g.  Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

h.  Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

## **JURY DEMAND**

75.    Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury as to all claims and issues so triable.

Respectfully submitted,

/s/ *Randall L. Jeffs*
Attorneys for Plaintiff